Todd M. Logan (SBN 305912)
tlogan@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Ari J. Scharg*
ascharg@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

[Additional counsel appearing on signature page.]

**Pro hac vice* admission to be sought.

*Counsel for Plaintiff and the Putative Classes*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT TYACKE, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>FIRST TENNESSEE BANK, N.A., a national bank,<br><br>    *Defendant*. | Case No. 5:16-cv-00228<br><br>**COMPLAINT – CLASS ACTION**<br><br>1) Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227; and<br><br>2) Violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Scott Tyacke brings this Class Action Complaint and Jury Demand ("Complaint") against Defendant First Tennessee Bank, N.A. ("First Tennessee") to seek redress for its placing of unsolicited telephone calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1.   First Tennessee is a large national bank that services approximately $16 billion worth of consumer loans across the country.

2.   First Tennessee aggressively collects on these loans by harassing debtors using automated dialing equipment, repeatedly calling whatever telephone numbers it can find.

3.   Unfortunately, in its haste to collect, First Tennessee routinely calls the telephone numbers of individuals with whom it has no relationship whatsoever, such as the neighbors or relatives of the debtors. It often acquires these numbers through unreliable methods like "skip tracing" or "number trapping" where the called party has not given any consent. Many of these numbers end up being cellphone numbers.

4.   First Tennessee necessarily lacks express consent to call the cellphone numbers that it independently discovers without the called party's prior knowledge or input. By autodialing such numbers, without consent, First Tennessee routinely violates the TCPA.

5.   First Tennessee's TCPA violations caused Plaintiff and a class and subclass of consumers (defined below) actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited telephone calls, as well as the monies paid to receive such calls.

6.   Plaintiff seeks an injunction to stop First Tennessee from placing

unlawful calls, as well as an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

7. Plaintiff Scott Tyacke is a natural person, a citizen of the State of California, and a resident of Riverside County, California.

8. Defendant First Tennessee is a national bank with headquarters at 165 Madison Avenue, Memphis, Tennessee 38103. It regularly transacts business in this State and throughout the United States.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because those claims are so related to his federal claims that they form part of the same case or controversy under Article III of the United States Constitution. This Court has personal jurisdiction over Defendant because it routinely transacts business within this District, including issuing credit, placing calls, and collecting payments from residents of this District. Additionally, the specific conduct giving rise to this case was directed to a resident of this District.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant routinely transacts business within this District, Plaintiff resides in this District, and Plaintiff received Defendant's unlawful calls in this District.

## COMMON FACTUAL ALLEGATIONS

11. First Tennessee, a large national bank, services millions of loan accounts for consumers throughout the United States. It regularly calls these consumers, mostly at numbers they willfully provided.

12. But First Tennessee also independently discovers new telephone numbers that it associates—often incorrectly—with its consumer accounts. It necessarily lacks prior express consent to call such numbers.

13. Worse, First Tennessee and/or its authorized agents call these numbers aggressively, using equipment with the capacity to store or produce telephone numbers, and to dial them, *en masse*, without any need for human intervention.

14. In its haste to collect on accounts, First Tennessee does not appear to use adequate safeguards, such as number verification or database scrubbing, to ensure it is calling the right parties, and it keeps calling even when told to stop.

15. Not surprisingly, consumers complain. For example:[1]



**Figure 1** (apparent "skip-tracing" where Defendant called a debtor's grandmother without her prior express consent.)



**Figure 2** (wrong-number complaint, possibly due to inadequate verification procedures or from a failure to scrub against a reassigned number database.)

---

[1]   Figures 1-4 are from 800notes.com, representing a small sample of the online consumer complaints against First Tennessee.



**Figure 3** (apparent "skip-tracing" based on address.)



**Figure 4** (repeated calls, without consent.)

16. The TCPA is intended to give consumers control over how and where they receive calls. When First Tennessee and/or its authorized agents incessantly autodial incorrect or independently discovered numbers, without consent, they take this control away from consumers and violate the spirit and letter of the TCPA.

**FACTS SPECIFIC TO PLAINTIFF TYACKE**

17. Plaintiff has never been a customer of First Tennessee and has never provided it with his cellphone number or consent to call.

18. Unfortunately, starting in July of 2015, First Tennessee and/or its agents began calling Plaintiff's private cellphone as many as three times per day, typically from the number (865) 633-2310.

19. When Plaintiff answered these calls, he would hear a delayed pause. He would often say "hello" several times before a live operator would respond.

20. Defendant's operators identified themselves as calling on behalf of First Tennessee and always asked to speak with somebody named "Lashain." Plaintiff Scott Tyacke is not and has never been known as "Lashain."

21. On several occasions, Plaintiff explained to Defendant's operators that he is not "Lashain" and that Defendant was calling the wrong number. Plaintiff specifically instructed Defendant to stop calling approximately five separate times, to no effect.

22. First Tennessee and/or its authorized agents initiated calls to Plaintiff's cellular telephone number without his prior express consent and despite his requests to stop, all while using an automatic telephone dialing system.

23. First Tennessee knew that it and/or its agents used an automatic telephone dialing system to initiate calls, without consent, to a cellular telephone number that Plaintiff never provided, and thus knowingly and repeatedly violated the TCPA.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a class and subclass of similarly situated individuals (collectively, the "Classes"), defined as follows:

> **TCPA Class**: All persons in the United States who: (1) received a telephone call initiated by or on behalf of Defendant; (2) at his or her cellular telephone number; and (3) where neither Defendant nor its agents had any current record of prior express consent from him or her to place such call at the time such call was placed.
>
> **California Subclass**: All members of the TCPA Class who reside in California.

The following are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former

employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

25. **Numerosity**: The exact number of members in the Classes is unknown at this time, but it is clear that individual joinder is impracticable. Defendant has called thousands of consumers who fall into the definitions of each of the Classes. Class members can be identified through Defendant's records.

26. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited calls.

27. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a)    whether Defendant's conduct constitutes a violation of the TCPA;

    (b)    whether the equipment Defendant used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

    (c)    whether Defendant systematically made telephone calls to persons who did not previously provide Defendant with their

prior express consent to receive such telephone calls;

(d) whether Defendant's telephone calling activities as alleged herein constitute unfair and/or unlawful business practices under California law; and

(e) whether members of the TCPA Class are entitled to treble damages based on the willfulness of Defendant's conduct.

29. **Policies Generally Applicable to the Classes:** This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to each of the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein apply to and affect each of the members of the Classes uniformly. Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

30. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single

Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the TCPA Class)

31. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

32. Defendant and/or its authorized agents initiated telephone calls to Plaintiff's and the TCPA Class members' cellular telephone numbers without having prior express consent.

33. Defendant and/or its authorized agents initiated these calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, *en masse*, simultaneously and without human intervention.

34. By having calls initiated to cellular telephone numbers with an automated telephone dialing system and without prior express consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

35. As a result of Defendant's unlawful conduct, Plaintiff and the TCPA Class suffered invasions of privacy and statutory rights as well as the loss of money paid to receive Defendant's calls. Under 47 U.S.C. § 227(b)(3)(B), each are entitled to, *inter alia*, a minimum of $500 in statutory damages for each such violation of the TCPA.

36. Should the Court determine that Defendant's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the TCPA Class.

# SECOND CAUSE OF ACTION
## Violations of California's Unfair Competition Law
## Cal. Bus. & Prof. Code §§ 17200, *et seq.*
### (On Behalf of Plaintiff and the California Subclass)

37. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

38. California's Unfair Competition Law ("UCL"), Cal Bus. & Prof. Code §§ 17200, *et seq.*, prohibits any unlawful, unfair, or fraudulent business act or practice. A business practice need only meet one of these three criteria to be considered unfair competition.

39. As described herein, Defendant has engaged in unfair and unlawful business practices, as defined by the UCL, by having calls initiated to cellular telephone numbers with an automated telephone dialing system without the prior express consent of the called parties, in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

40. Defendant knew that it used automated telephone dialing equipment to initiate calls to cellular telephone numbers belonging to Plaintiff and the members of the California Subclass, and yet willfully placed such calls while consistently disregarding requests to stop.

41. Defendant violated the UCL's unfair prong and caused substantial injury to consumers by knowingly accessing their cellular telephone equipment without consent, thereby causing wear and tear on their property; consuming battery life; appropriating cellular minutes; and diminishing their use, enjoyment, and utility of their cellular telephone plans. The injuries caused by Defendant's unfair conduct are not outweighed by any countervailing benefits to consumers or competition, and the injuries are such that consumers themselves could not have reasonably avoided them.

42. Defendant has also violated the UCL's unlawful prong by violating the TCPA, as described above.

43. Defendant's unlawful and unfair conduct occurred during attempts to collect on consumer debts, and therefore occurred in the course of Defendant's business practices.

44. Defendant's unfair and unlawful conduct directly and proximately caused Plaintiff and the California Subclass a loss of money or property in the form of the wear and tear on their cellular telephone equipment, consumed battery life, lost cellular minutes, and the diminishment in the use, enjoyment, value, and utility of their cellular telephone plans.

45. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order (1) requiring Defendant to cease the unfair and unlawful practices described herein; (2) requiring Defendant to restore to Plaintiff and each California Subclass member any money acquired by means of unfair and/or unlawful competition (restitution); and, (3) awarding reasonable costs and attorneys' fees pursuant to Cal. Code Civ. Proc. § 1021.5.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Scott Tyacke, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff Scott Tyacke as the representatives of the Classes, and appointing his counsel as Class Counsel;

B. An award of actual and statutory damages;

C. A declaratory judgment that Defendant's telephone calling equipment constitutes an automated telephone dialing system under the TCPA;

D. An injunction requiring Defendant to cease all use of automated or computerized telephone calling equipment;

E. An order requiring Defendant to pay restitution for the money and property lost as a result of its unlawful telephone calling practices;

F. An order requiring Defendant to disclose the names of any third-party

companies involved in the generation of the calls alleged herein, along with the terms of any contracts it has with such entities;

    G.    An order requiring Defendant to permanently cease-and-desist from all unlawful conduct as alleged herein, and otherwise protecting the interests of the Classes;

    H.    An award of reasonable attorneys' fees and costs; and

    I.    Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**SCOTT TYACKE**, individually and on behalf of all others similarly situated,

Dated: February 5, 2016    By: /s/ Todd M. Logan
    One of Plaintiff's Attorneys

Todd M. Logan (SBN 305912)
tlogan@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Ari J. Scharg*
ascharg@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

| | |
|---|---|
| 1 | Stefan Coleman* |
| 2 | law@stefancoleman.com |
|   | LAW OFFICES OF STEFAN COLEMAN, LLC |
| 3 | 1072 Madison Avenue, Suite 1 |
|   | Lakewood, New Jersey 08701 |
| 4 | Tel: 877.333.9427 |
| 5 | Fax: 888.498.8946 |
| 6 | |
|   | *Pro hac vice admission to be sought. |
| 7 | |
| 8 | *Counsel for Plaintiff and the Classes* |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28