UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 16-00228-JGB (SPx)** | Date | April 28, 2016 |
| Title | *Scott Tyacke v. First Tennessee Bank, N.A.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff: | Attorney(s) Present for Defendant |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order DENYING Defendant First Tennessee Bank, N.A.'s Motion to Dismiss (Doc. No. 17) (IN CHAMBERS)**

Before the Court is Defendant First Tennessee Bank, N.A.'s ("Defendant") Motion to Dismiss ("Motion," Doc. No. 17). The Court finds Defendant's Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers timely filed in support of and in opposition to the Motion, the Court DENIES Defendant's Motion, and VACATES the May 2, 2016 hearing.

### I.   BACKGROUND

On February 5, 2016, Plaintiff Scott Tyacke ("Plaintiff") filed a putative class action Complaint against Defendant. (Doc. No. 1.) The Complaint asserts two claims arising from allegations that Defendant repeatedly placed calls to Plaintiff and other consumers on their cellular phones without their consent using automated dialing equipment: (1) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; and (2) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. (Id.) In the Complaint, Plaintiff purports to represent a class of individuals "who (1) received a telephone call initiated by or on behalf of Defendant; (2) at his or her cellular telephone number; and (3) where neither Defendant nor its agents had any current record of prior express consent from him or her to place such call at the time such call was placed." (Id. ¶ 24.)

On April 1, 2016, Defendant filed its Motion to Dismiss, seeking dismissal of Plaintiff's UCL claim. (Doc. No. 17.) On April 11, 2016, Plaintiff filed an Opposition to the Motion.

(Doc. No. 24.)  On April 15, 2016, Defendant filed a Reply to Plaintiff's Opposition.  (Doc. No. 29.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests") (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.

Surviving a motion to dismiss requires a plaintiff to allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).  The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Rule 9(b) presents heightened pleading requirements for plaintiffs alleging fraud or mistake.  In alleging fraud or mistake, the plaintiff must "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Failure to satisfy this heightened pleading requirement can result in dismissal of the claim.  Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  In general, the plaintiff's allegations of fraud or mistake must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  Id. at 1106.  This heightened pleading standard requires the plaintiff to allege fraud or mistake by detailing "the who, what, when, where, and how" of the misconduct charged.  Id. at 1106-07.  In

other words, the plaintiff must specify the time, place, and content of the alleged fraudulent or mistaken misconduct.  See id.

### III. DISCUSSION

A.   **Defendant's Contentions**

Defendant argues Plaintiff's UCL claim must be dismissed because Plaintiff has not sufficiently alleged facts demonstrating he has lost money or property as a result of Defendant's allegedly illegal phone calls.  (Mot. at 2-4.)

Plaintiff responds that the Complaint alleges Defendant's illegal calls have caused Plaintiff and putative class members to lose money or property in the form of the wear and tear on their cellular phones, consumption of battery life, lost cellular minutes, and the diminished use, enjoyment, value, and utility of their cellular telephone plans.  (Opp. at 5 (citing Compl. ¶ 44).)  Plaintiff maintains such allegations are sufficient to state a claim under the UCL and cites several supporting federal district court decisions.  (Id. at 5-6.)

In its Reply, Defendant argues the Complaint's allegations are conclusory, describe "de minimis" losses, and do not state a claim under the UCL.  (Reply at 2-3.)  In support, Defendant cites several supporting federal district court decisions.  (Id.)

B.   **Applicable Law**

The UCL prohibits any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  Violations of other laws satisfy the "unlawful" prong and thus may be treated as unfair competition pursuant to the UCL.  See Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002), as modified (May 22, 2002).  The Ninth Circuit has held Federal Rule of Civil Procedure 9(b)'s "heightened pleading standards apply to claims for violations of the . . . UCL." Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).

The UCL also "requires that a plaintiff have 'lost money or property' to have standing to sue. The plain import of this is that a plaintiff now must demonstrate some form of economic injury."  Kwikset Corp. v. Superior Court, 51 Cal.4th 310, 323 (2011); see also Cal. Bus. & Prof. Code § 17204.  "California courts have distinguished the UCL standing requirement as more stringent than the federal Article III standing requirement," because of the requirement that a UCL plaintiff have lost money or property.  Pirozzi v. Apple, Inc., 966 F. Supp. 2d 909, 919 (N.D. Cal. 2013).  Under the UCL, "[i]f a party has alleged or proven a personal, individualized loss of money or property in any nontrivial amount, he or she has also alleged or proven injury in fact."  Kwikset Corp., 51 Cal.4th at 325.  There "are innumerable ways in which economic injury from unfair competition may be shown. A plaintiff may (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary."  Id. at 323

**C.     Analysis**

The parties dispute whether the Complaint's allegations regarding the effect of Defendant's allegedly illegal calls on the cellular phones of Plaintiff and putative class members state a cognizable economic injury under the UCL.  The Complaint alleges Defendant's illegal calls have impaired the use of these phones through general wear and tear and the consumption of battery life and cellular minutes.  (Compl. ¶ 44.)

The Court finds the district court decisions cited by Plaintiff persuasive and concludes the Complaint's allegations sufficiently allege the "loss of . . . property in [a] nontrivial amount," for purposes of the UCL.  See Kwikset Corp., 51 Cal.4th at 325.  As Plaintiff argues, courts have found that "[d]imunition in the performance of an electronic device may constitute an injury in fact."  Yunker v. Pandora Media, Inc., No. 11-CV-03113-JSW, 2014 WL 988833, at *3 (N.D. Cal. Mar. 10, 2014) (finding excessive consumption of data by smartphone application to be sufficient injury to property under UCL); see also In re Google, Inc. Privacy Policy Litig., No. C-12-01382-PSG, 2013 WL 6248499, at *7 (N.D. Cal. Dec. 3, 2013) (holding excessive bandwidth and battery consumption caused by unauthorized transmissions of data on smartphone was a direct economic injury).

Moreover, the authorities cited by Defendant largely concern instances where plaintiffs asserting UCL claims did not allege the unlawful business practices at issue diminished the use of their electronic devices or caused them any financial harm.[1]  See Pietzak v. Microsoft Corp., No. CV 15-5527-R, 2015 WL 7888408, at *2 (C.D. Cal. Nov. 17, 2015) (finding no injury from receipt of unwanted text messages where plaintiffs presented conclusory allegations that they suffered embarrassment, financial loss, and emotional injury); Van Patten v. Vertical Fitness Grp., LLC, 22 F. Supp. 3d 1069, 1080 (S.D. Cal. 2014) (finding no injury from receipt of unwanted texts where plaintiff alleged he had an unlimited texting plan and was not charged for each individual text).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss (Doc. No. 17).

---

[1] Defendant also cites Opperman v. Path, Inc., 87 F. Supp. 3d 1018, 1056 (N.D. Cal. 2014) and Hernandez v. Path, Inc., No. 12-CV-01515 YGR, 2012 WL 5194120, at *2 (N.D. Cal. Oct. 19, 2012).  (Reply at 1, 3.)  In both of these cases, district courts concluded that allegations of "diminished mobile device resources, such as storage, battery life, and bandwidth" stated a "de minimis injury" that could not support Article III standing.  Here, however, the Complaint's allegations indicate the diminished use of Plaintiff's cell phone was not a "de minimis" harm.  Indeed, the Complaint alleges Plaintiff was called as many as three times a day by Defendant starting in July 2015, indicating the diminution of the value of Plaintiff's phone was more than trivial.  (Compl. ¶ 18.)

The May 2, 2016 hearing is VACATED.

**IT IS SO ORDERED.**